UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**<br><br>Plaintiff,<br><br>vs.<br><br>**KIMBERLY SREDICH, *et al.*,**<br><br>Defendants. | 2:20-CV-12531-TGB-RSW<br><br>**ORDER DENYING DEFENDANT MICHAEL DOLAN'S MOTION FOR INSTALLMENT PAYMENTS (ECF NO. 48)** |

Before the Court is Defendant Michael Dolan's Motion for an Installment Payment Order. (ECF No. 48.) Dolan is representing himself. He seeks an order suspending Plaintiff National Union Fire Insurance Co.'s efforts to garnish his wages in satisfaction of a default judgment entered against him in this case and allowing him instead to make monthly payments of $100.00. For the reasons explained below, the motion will be **DENIED**.

I.   Background

In 2020, National Union Fire Insurance Co. sued Michael Dolan, asserting claims for civil conspiracy and unjust enrichment. The complaint alleged that Dolan conspired with three other individuals to steal funds from American Portfolios Financial Services, Inc., a financial advisory firm insured by National Union. (ECF No. 1.) According to the complaint, Dolan pleaded guilty to criminal charges when the scheme

1

came to light, but neither he nor his co-defendants returned any of the misappropriated funds.[1]

Dolan did not respond to the complaint after he was served with process. On December 22, 2020, National Union obtained a default judgment against him in the amount of $383,777.75. (ECF No. 29.) In due course, National Union recorded judgment liens against him. (ECF Nos. 33, 34.) In February 2021, National Union asked for and obtained a non-periodic writ of garnishment against Dolan's bank account and, in August 2021, it further asked for and obtained a periodic writ of garnishment against Dolan's salary. (ECF Nos. 35, 36, 45, 46.) Dolan did not object to or oppose either of its requests for writs of garnishment.

A year later, in August 2022, Dolan filed a Motion for an Installment Payments (ECF No. 48), which the Court now addresses.

## II. Legal Standard

Federal Rule of Civil Procedure 64(a) provides that state garnishment procedures may be used to secure satisfaction of a federal court judgment, subject to any applicable federal statute. Federal law

---

[1] Documents attached to National Union's response to Dolan's motion reflect that the relevant criminal case is *United States v. Sredich*, No. 4:19-cr-20230-LJM-SSD-2 (E.D. Mich. Apr. 17, 2019). A review of the docket in that case shows that, on November 6, 2019, Dolan pleaded guilty to one count of conspiracy to commit wire fraud and mail fraud, 18 U.S.C. § 1349, and on August 6, 2021, he was sentenced to a two-year term of probation. He was also ordered to pay $375,792.00 in restitution to National Union and American Portfolios.

limits garnishments to a maximum of 25% of disposable earnings each week, unless the debtor earns minimum or near minimum wage. *See* 15 U.S.C. § 1673.

Michigan law, meanwhile, authorizes the Court to "make a written order permitting the defendant to pay any judgment previously rendered in or transcribed to his court in installments." MCL § 600.6201(2); *see also* MCR 3.104(a) ("A party against whom a money judgment has been entered may move for entry of an order permitting the judgment to be paid in installments."). Such an order suspends the effectiveness of a writ of garnishment for periodic payments. MCR 3.101(n). Whether to enter such an order is a discretionary matter for the Court. *Ins. Co. of N. Am. v. Dynamic Constr. Co.*, Nos. 93-1640 & 93-2105, 1995 WL 7956, at *2 (6th Cir. Jan. 9, 1995).

### III. Discussion

In his motion, Dolan asks for an order suspending the garnishment writ and allowing him instead to make monthly payments of $100.00 on the judgment. He attests that he makes $832.00 per week (averaging roughly $3,600 per month, if his weekly salary is multiplied by 52 weeks in a year and divided by 12 months, though he does not specify whether this is his gross or net wage) and has $425.00 in monthly expenses—$200 in rent, $100 in utilities, $25 of court-ordered restitution, and $100 in credit card payments. He further attests that he has $608.67 in his bank account and owes $32,070.00 on a 2020 Chevrolet Silverado (he does not

3

say whether he is making monthly payments on the vehicle). He attaches no supporting documentation and has not requested a hearing.

National Union opposes Dolan's request. (ECF No. 50.) It asserts that, since the writ of garnishment went into effect in August 2021, it has received roughly $169.50 per week ($678 per month) from Dolan's wages—leaving $376,169.18 outstanding on the judgment. It contends that suspending the writ of garnishment would be unjust as Dolan has provided no reasoning supporting his request for a nearly 85% of reduction in monthly payments toward the judgment.

Based on the information in the record, the Court is inclined to agree with National Union. If Dolan's representations about his finances are correct, he has approximately $2,903.00 in disposable income in a four-week month after his expenses are deducted. Even taking into account the need for reasonable flexibility due to emergencies and unforeseen and unavoidable expenses, it does not appear that the current garnishment amount of approximately $678.00 per month is unreasonable. Critically, Dolan has not provided any evidence of a material change in his financial circumstances since the writ of garnishment—which he did not oppose—went into effect. And, given the income he has reported, $678.00 per month appears to fall well within the amount allowed by federal statute.

The Court wishes to note, however, that Dolan should be entitled to a credit toward his restitution order of any funds that National Union

4

receives towards the civil judgment under the writ of garnishment. *See* 18 U.S.C. § 3664(j)(2); *United States v. Scherer*, No. 01-1088, 2001 WL 1299278, at *2 (6th Cir. Aug. 10, 2001). Section 3664(j)(2)(A) provides that the amount owed to a victim under a federal restitution order will be reduced by any amount later recovered as compensatory damages in civil proceedings.

## IV. Conclusion

For the foregoing reasons, Dolan's Motion for Installment Payments (ECF No. 48) is **DENIED**. Dolan may renew his motion if he can demonstrate a material change in his financial circumstances.

**IT IS SO ORDERED**, this 19th day of December, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge